**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THOMAS GORDON,**

        **Plaintiff,**

    **v.**

**FAIRFIELD COUNTY,** *et al.***,**

        **Defendants.**

          **Civil Action 2:25-cv-466**
          **Chief Judge Sarah D. Morrison**
          **Magistrate Judge Chelsey M. Vascura**

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Reconsideration of the July 21, 2026 Notation Order Granting Defendants' Motion to Extend (ECF No. 40). Plaintiff argues that reconsideration is warranted because (1) the Court ruled before Plaintiff's deadline to respond to Defendant's motion to extend the case schedule, (2) Defendants did not disclose to the Court that Plaintiff expressly opposed the case schedule extension, and (3) Defendants did not and could not show good cause to extend the case schedule under Federal Rule of Civil Procedure 16(b)(4).

Plaintiff's arguments are not well taken. First, the Court gleaned from the fact that Defendants did not style their motion as "unopposed" or "joint" that Plaintiff may not have consented to the extension. Nevertheless, the Court determined that because the case schedule had not yet been extended, and because Defendants sought only a modest one-month extension, Plaintiff would not be prejudiced. Plaintiff's motion bears this out, as the only prejudice posited by Plaintiff is the violation of his and his counsel's "settled expectation" that the case schedule would not change. As Plaintiff's counsel is no doubt aware, this expectation was not reasonable because case schedule extensions (especially brief extensions like this one) are commonplace in

federal litigation. Nor can the Court discern any prejudice from the extension in connection with one of Plaintiff's attorneys being based in New York, as has been the case for the entirety of this action. The Court found, and still finds, that the short and very reasonable requested extension, combined with the lack of any prejudice to Plaintiff, satisfies Rule 16's good cause standard.

Finally, the Court promptly ruled on Defendants' motion by notation due to the rapidly approaching discovery deadline. Had the Court waited for the full briefing cycle to play out, some of the case schedule deadlines would have expired in the interim. A prompt ruling provided the parties with clarity and an immediate path forward. The Court also hoped to prevent counsel from expending unnecessary time and resources in briefing a straightforward motion for extension of time. The Court's concerns are borne out by Plaintiff's 10-page motion for reconsideration, which suggests his opposition brief would have been of commensurate length.

In sum, Plaintiff has not identified any clear error of law, newly-discovered evidence, or any other grounds for reconsidering the case schedule extension. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (district courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure); *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (to prevail under Rule 59(e), the movant must show: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice). Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 40) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

2